F. Other items. Defendant had continuously ignored the Plaintiffs wishes and disregarded their concerns in every respect. For example, Defendant made unilateral decisions without their input in connection with the flooring under the island, the master closet doors, the trim, etc.

G. Improper Measurement of Doors. Defendant improperly measured the laundry room cabinet doors, and when there was not enough clearance space for them to open, Defendant charged the Greens extra money without a change order.

H. Wrong Windows. Defendant ordered the wrong windows for the upstairs bathroom and put in crank windows (and charged the Greens extra money without a change order) even though they told Defendant explicitly not to order crank windows.

I. Lighting. Defendant made a unilateral decision to upgrade the lighting in the Plaintiffs' kitchen (without a change order). Defendant subsequently tried to charge the Plaintiffs $2200 extra for his decision. When they told Defendant that they were not going to pay, Defendant told them that he would withdraw their request for extra money and take care of it. However, the subcontractor that installed the lights is indicating now that Defendant failed to pay him approximately $1200 to complete the work.

**Over Billing**

43. Until the Defendant provides the Plaintiffs with copies of invoices and other documents corroborating the expenditures that he has made on the home, the Plaintiffs won't know the full extent of the Defendant's fraud and the amount of money that they have paid over and above the amount that the Defendant was legally required to invoice. However, based on the information that the Plaintiffs have gathered to date, they are able to see that the Defendant had illegally billed them for: i) items that were paid for by the Plaintiffs, but were never completed by the Defendant, ii) mistakes that the Defendant made and had to correct and iii) changes that were made that increased the Agreement price that were done absent a legal change order or the Plaintiffs' legal consent. Some of these items are as follows:

-13-

PLAINTIFF JEFF GREEN AND PAMELA MILLS-GREEN'S FIRST AMENDED COMPLAINT FOR DAMAGES

| | |
|---|---|
| **Items paid for but were never completed supplied** | TOTAL |
| Master sconces | 577.62 |
| Nook and Dining lights | 625.29 |
| 2F Bath Lights | 363.4 |
| Carpet pad for master bed and closet (closet carpet damaged needs replacement- agreed by contractor in writing) | 5215.16 |
| Interior painting | 4500 |
| Closet stain | 4025 |
| Stairs | 3000 |
| Iron for stair | 3000 |
| LED lights in kitchen (see point 12) (credited 2000) but 1200 materials not delivered to site) | 2200 |
| **TOTAL Paid, but not complete** | **$23,506.47** |

**Items Charged for Contractor's Mistake**

| | |
|---|---|
| Window order wrong color | 171.76 |
| Cost to correct Laundry framing | 900 |
| Total overpay due to contractor mistakes | $1,071.76 |

**Change Orders – charged 20% mark up over charge**      TOTAL Billed

–14–

PLAINTIFF JEFF GREEN AND PAMELA MILLS GREENS FIRST AMENDED COMPLAINT FOR DAMAGES

|  |  |
|---|---:|
| | at 20%(S) |
| Put attic space up without consulting move required sprinklers moving | 641.34 |
| 2 low voltage lights- Plaintiffs requested no change order signed | 1848 |
| HDMI Cabling | 792 |
| Add 2 circuits refrig/washer | 240 |
| Upgraded tankless water heater (haven't paid yet as it is damaged) | $1,320 |
| Added washing machine lines | 1992 |
| Added dining room cabinets | 1140 |
| Closet granite fabrication (later credited 1/2 granite (734.93) and fabrication (825) to compensate for closet issues) but still over charged on remaining charges at 20%. Base fabrication charge 1650. | 1980 |
| Cabinet 1F bath | 1140 |
| Bathroom 1F changes | 4500 |
| Added Fan Bath 1F | 432 |
| Electrical | 1860 |
| Tub and valves | 1097 |
| Valves and faucets | 649.09 |
| TOTAL Over pay due to "CHANGE ORDER" charges | $19,631.43 |

-15-

PLAINTIFF JEFF GREEN AND PAMELA MILLS-GREEN'S FIRST AMENDED COMPLAINT FOR DAMAGES

In total, the Defendants have overcharged the Plaintiffs at least $44,209.66 based on the items specified in this paragraph 39.

**Refusal to Supply Properly Skilled Workers**

44. Because of Defendant's failure to pay the subcontractors money and his embezzlement of (and squandering of) the Plaintiffs' money for his personal use, Defendant was unable to pay his subcontractors and they all were hesitant to return to the job. Furthermore, it was brought to the Plaintiffs' attention that Defendant had been using illegal, unlicensed and incompetent workers to perform work on their project. In fact, some of said workers acknowledged to the Plaintiffs that they were not licensed. Furthermore, the unlicensed and incompetent workers who were there to follow Defendant's directions were required legally to be Defendant's employees and be covered by workers compensation insurance, but were not treated as Defendant's employees. Therefore, the Defendant's failures exposed the Plaintiffs to potential liability.

45. **Extended damages**

As a result of the Defendants' conduct, the Plaintiffs have not only suffered out of pocket damages as a result of having to hire other contractors, etc., but they have also had to pay extended interests rates as a result of having to take money from their line of credit to pay others to rectify the Defendants' conduct and to pay other bills incurred as a result of the Defendants' conduct.

## FIRST CAUSE OF ACTION

### (FRAUD)/INTENTIONAL DECEIT/CONCEALMENT/FALSE PROMISE

### (Against all Defendants)

46. Plaintiffs adopt and restate paragraphs 1 through 45, as though fully set forth herein.

47. Plaintiffs are informed and believe and on that basis allege that when Defendants made the statements alleged above, they had no intention of performing them and/or knew that they were false. Furthermore, the statements were made and the conduct mentioned above was engaged in, among other things, to induce the Plaintiffs to give the Defendant money.

-16-

PLAINTIFF JEFF GREEN AND PAMELA MILLS-GREEN'S FIRST AMENDED COMPLAINT FOR DAMAGES

48.     Furthermore, Plaintiffs are informed and believe and on that basis allege, that at the time Defendants made the statements as alleged above (and engaged in the conduct mentioned above), they knew those statements to be false and made them with the intention to deceive and defraud Plaintiffs and to induce Plaintiffs to act in reliance on those representations in the manner set forth herein, or with the expectation that Plaintiffs would so act.

49.     Plaintiffs, at the time these representations were made by Defendants, and at the time Plaintiffs took the actions herein alleged, were ignorant of the falsity of Defendants' representations and believed them to be true.

50.     In reliance on these representations, Plaintiffs were induced to continue to allow the Defendants to represent their interests in connection with the Purchase Agreement.   Plaintiffs also incurred expenses, lost money, investment opportunities and incurred (and will incur) unnecessary fees based upon the assumption that Defendant's representations were true.  The Plaintiffs also suffered emotional distress damages. Had Plaintiffs known the actual facts, they would not have taken such action.

51.     Plaintiffs reliance on Defendants' representations was justified because Defendants represented that his representations were true and because Defendants had a fiduciary duty to Plaintiffs. It is customary and reasonable for persons such as Plaintiffs to rely upon the representations of a person in Defendants' position who has made such promises and representations.

52.     As a proximate result of the fraudulent conduct of Defendants as herein alleged, Plaintiffs were induced to pay the Defendants money and allow them to continue to perform services.  Plaintiffs also incurred expenses, lost money, investment opportunities and incurred (and will incur) unnecessary fees based upon the assumption that Defendant's representations were true.  Plaintiffs also suffered emotional distress damages.  Had Plaintiffs known the actual facts, he would not have taken such action. Plaintiff therefore is owed damages, the full extent to which Plaintiff is currently unaware.  Therefore, Plaintiff requests leave to amend when said amount is ascertained.

-17-

1      53.     As a further proximate result of Defendants' conduct as alleged in this complaint,

2  Plaintiffs suffered extreme mental anguish and emotional and physical distress, shame, mortification,

3  and hurt feelings. Plaintiffs are informed and believe and on that basis allege that the exact amount of

4  said damage inflicted is not fully known to Plaintiffs. Plaintiffs request leave to amend when said

5  amount is ascertained.

6      54.     The aforementioned conduct of Defendants was intentional misrepresentation, deceit, or

7  concealment on the part of Defendant of thereby depriving Plaintiffs of property or legal rights or

8  otherwise causing injury, and was despicable conduct that subjected Plaintiffs to a cruel and unjust

9  hardship in conscious disregard of Plaintiffs' rights, so as to justify an award of exemplary and punitive

10  damages.

11      WHEREFORE, Plaintiffs pray for the relief hereinafter set forth.

12

13

14                **SECOND CAUSE OF ACTION**

15                **(CONSTRUCTIVE FRAUD)**

16

17                **(Against all Defendants)**

18     54.    Plaintiffs adopt and restate paragraphs 1 through 53, as though fully set forth herein.

19     55.    When Defendants made the promises and representations alleged herein, they had no

20  reasonable grounds for believing them to be true. Furthermore, they knew they were false.

21     56.    Moreover, Defendants made said promises and representations with the intention of

22  inducing Plaintiffs to act in reliance on these representations in the manner hereinafter alleged, or with

23  the expectation that Plaintiffs would so act.

24

25

26                                  –18–

27

28

PLAINTIFF JEFF GREEN AND PAMELA MILLS GREEN'S FIRST AMENDED COMPLAINT FOR DAMAGES

1  57.  Plaintiffs, at the time these representations were made by Defendants and at the time

2  Plaintiffs took the actions herein alleged, was ignorant of the falsity of Defendants' representations and

3  believed them to be true.

4  58.  The aforementioned conduct of Defendants were intentional misrepresentation, deceit, or

5  concealment on the part of Defendants of thereby depriving Plaintiffs of property or legal rights or

6  otherwise causing injury, and was despicable conduct that subjected Plaintiffs to a cruel and unjust

7  hardship in conscious disregard of Plaintiffs rights, so as to justify an award of exemplary and punitive

8  damages.

9  WHEREFORE, Plaintiffs pray for the relief hereinafter set forth.

10

11

12

13

14

15

16  ### THIRD CAUSE OF ACTION

17  **(BREACH OF FIDUCIARY DUTY OF CARE)**

18  **(Against all Defendants)**

19

20  59.  Plaintiffs adopt and restate paragraphs 1 through 58, as though fully set forth herein.

21  60.  California law imposes on the general contractors, as fiduciaries, the same obligation of

22  undivided service and loyalty that it imposes on a trustee in favor of a beneficiary.  Among other things,

23  general contractors have a duty to make to the principal *the fullest disclosure of all material facts*

24  *concerning the transaction* that might affect the principal's decision. At all relevant times, the following

25  statutes, among others, have been violated by the Defendants, and were in effect within the State of

26

27  -19-

28  PLAINTIFF JEFF GREENLAND PAMELA MILLS GREEN'S FIRST AMENDED COMPLAINT FOR DAMAGES

Case: 11-54779    Doc# 10-1    Filed: 10/28/11    Entered: 10/28/11 15:33:36    Page 7 of 16

California, applied to Defendants and prescribed some of Defendants' duties to the Plaintiff in California (hereinafter referred to as the *"Statutes"*):

    a. California civil Code Sections 896(3)(18)(b)(1), (18)(b)(2); (18)(b)(3); (18)(b)(15);

    b. California civil Code Sections 900 et seq.

    c. Business & Professions Code Sections 7031(b); 7059; 7159; 7159(c), 7159.6, 7159(c)(8), 7159(c)(9)(c), 7159(c)(5); 7159(d)(4); 7159.5; 7160; 7161; 7163 (a);

    d. California Code of Civil Procedure Sections 1029.8; 1029.8(a)

61.    By engaging in the conduct mentioned herein, Defendants breached their duty of care, duty to disclose and duty to be honest and truthful.

62.    As a direct result of Defendants' conduct, and the breach of their duty of care to Plaintiffs, Plaintiffs are informed and believe and on such basis allege that they have suffered damages in that they have incurred unnecessary expenses and have lost money and profits (and will continue to lose money and profits, the full extent to which is not currently known. Plaintiffs request leave to amend when said amount is ascertained.

63.    As a further proximate result of the conduct of Defendants as herein alleged, Plaintiffs suffered extreme mental anguish and emotional and physical distress, shame, mortification, and hurt feelings. Plaintiffs are informed and believe and on that basis allege that the exact amount of said damage inflicted is not fully known to Plaintiffs. Therefore, Plaintiffs request leave to amend when said amount is ascertained.

WHEREFORE, Plaintiffs pray for the relief hereinafter set forth.

Case: 11-54779   Doc# 10-1   Filed: 10/28/11   Entered: 10/28/11 15:33:36   Page 8 of 16

## FOURTH CAUSE OF ACTION
## (BREACH OF CONTRACT)

64. Plaintiffs adopt and restate paragraphs 1 through 63, as though fully set forth herein.

65. Plaintiffs have performed all conditions, covenants and promises required on their part to be performed in accordance with the terms and conditions of their agreement with Defendant as described above.

66. Plaintiffs had requested Defendants to perform their obligations under their written contract.

67. Defendants' breached the contract by engaging in the conduct herein alleged.

68. By engaging in the conduct outlined above and in breaching his contracts with Plaintiffs, Defendants also breached the implied covenant of good faith and fair dealing with Plaintiffs.

69. As a direct result of Defendant's conduct, Plaintiffs are informed and believe and on such basis allege that they have incurred unnecessary expenses, are owed money from Defendants and have lost profits, the full extent to which is not currently known (but at least the amount of $200,000). Plaintiffs' requests leave to amend when said amount is ascertained.

WHEREFORE, Plaintiffs prays for the relief hereinafter set forth.


## FIFTH CAUSE OF ACTION
## (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

70. Plaintiffs hereby incorporate by reference paragraphs 1 through 69, inclusive.

-21-

1    71.    Furthermore, Defendants knew that their conduct as described herein would cause

2    extreme harm to Plaintiffs. Defendants also knew that their failure to adhere to said promises and

3    fiduciary duties would cause Plaintiffs extreme emotional distress. Despite knowing the above

4    mentioned facts which put Defendants on notice that it was extremely important to Plaintiffs that

5    Defendants perform the Services in a workmanlike and expeditious manner (and not steel his money),

6    Defendants engaged in the conduct mentioned herein.

7    72.    Defendants' conduct as described above was knowing, intentional and willful and done with

8    a reckless disregard of the probability of causing Plaintiffs extreme emotional distress and other harm.

9    73.    As a proximate result of Defendants' conduct as alleged in this complaint, Plaintiffs have

10   suffered extreme mental anguish and emotional and physical distress, as well as all the other harm

11   alleged in the paragraphs above. Plaintiffs are informed and believe and on that basis allege that the

12   exact amount of said damage inflicted is not fully known to Plaintiffs (but at least the amount of

13   $200,000). Plaintiffs' requests leave to amend when said amount is ascertained.

14   74.    In doing the acts alleged above, Defendants' conduct was both oppressive and malicious

15   in that it was carried on by Defendants in a willful and conscious disregard of Plaintiffs' rights and

16   subjected Plaintiffs to cruel and unjust hardship. Plaintiffs' are therefore entitled to recover punitive

17   damages.

18   WHEREFORE, Plaintiffs prays for relief against Defendants, as hereinafter set forth.

19

20

21

22

23                          **SIXTH CAUSE OF ACTION**

24                            **(NEGLIGENCE PER SE)**

25   75.    Plaintiffs adopt and restate paragraphs 1 through 74, as though fully set forth herein.

26

27                                    -22-

28

Case: 11-54779    Doc# 10-1    Filed: 10/28/11    Entered: 10/28/11 15:33:36    Page 10 of 16

1    76.    At all relevant times, the following statutes, among others, have been violated by the
2    Defendant, and were in effect within the State of California, applied to Defendant and prescribed some
3    of Defendant's duties to the Plaintiffs in California (hereinafter referred to as the *"Statutes"*):
4         a. California civil Code Sections 896(3)(18)(b)(1), (18)(b)(2);  (18)(b)(3); (18)(b)(15);
5         b. California civil Code Sections 900 et seq.
6         c. Business & Professions Code Sections 7031(b); 7059; 7159; 7159(c), 7159.6, 7159(c)(8),
7    7159(c)(9)(c), 7159(c)(5); 7159(d)(4); 7159.5; 7160; 7161; 7163 (a);
8         d. California Code of Civil Procedure Sections 1029.8; 1029.8(a)
9    77.    Defendants owed a duty of care to Plaintiffs to act in compliance with the Statutes.
10    78.    At all relevant times, Plaintiffs were one of the class of persons for whose protection the
11   Statutes were adopted, and the injuries sustained by Plaintiffs were some of the consequences which the
12   California State Legislature sought to prevent in its enactment of said statutes.
13    79.    Defendants failed to obey the Statutes.  Defendants are therefore presumptively negligent.
14   Defendants breached their duty to Plaintiffs by the acts or omissions alleged above.
15    80.    As a proximate result of acts of Defendants' negligence, carelessness, recklessness, and
16   unlawfulness as previously alleged, Plaintiffs were injured in their health, strength, and activity.
17   Furthermore, Plaintiffs have suffered mental, physical and nervous pain and suffering.
18    81.    As a proximate result of acts of Defendants' negligence, Plaintiffs have lost profits and
19   money (and will continue to lose profits), all in amounts presently unknown to them (but at least the
20   amount of $200,000).  Plaintiffs ask leave of court to prove that amount at the time of trial.
21    82.    The wrongful conduct of Defendants was done maliciously, oppressively, with a
22   conscious disregard of the rights and safety of Plaintiffs and others, and/or with intent to harm, and
23   therefore Plaintiffs are entitled to punitive and exemplary damages in an amount to be ascertained
24   according to proof.
25    WHEREFORE, Plaintiffs prays for the relief hereinafter set forth.

26

-23-

27

28

Case: 11-54779    Doc# 10-1    Filed: 10/28/11    Entered: 10/28/11 15:33:36    Page 11
of 16

## SEVENTH CAUSE OF ACTION
### (NEGLIGENCE)

83.     Plaintiffs incorporates herein by reference Paragraphs 1 through 82, above, as if set forth fully herein.

84.     Defendants, and each of them, owed a duty to Plaintiffs to exercise reasonable care in performing their respective functions, duties and responsibilities in the respective capacities described above, and knew or should have known with reasonable certainty that the Plaintiffs would suffer damages if they failed to perform their duties in a good and workmanlike manner.

83.     Defendants breached their respective duties by failing and neglecting to perform their functions, duties, and responsibilities in their capacities in a reasonably workmanlike manner and within the prevailing standard of care, resulting in damage to the Plaintiffs. Defendants' breach of duties and resultant damages were not apparent by reasonable inspection of the Property at the conclusion of Defendants' work.

84.     Within days after the defendants walked of the job, the Plaintiffs began to discover the defective workmanship of Defendants, as alleged above.

85.     As a direct and legal result of Defendant's negligence, Plaintiffs has, and will incur, damages as described above.

WHEREFORE, Plaintiffs prays for judgment as hereafter set forth.

## EIGHTH CAUSE OF ACTION
### (BREACH OF WARRANTY)

–24–

86. Plaintiffs incorporates herein by reference Paragraphs 1 through 85, above, as if set forth fully herein.

87. At all times herein mentioned, Defendants above-named, were and are obligated to Plaintiffs under an implied warranty that all of the work relating to the Property would be performed in a good and workmanlike manner, that it would be free from defects, consistent with applicable codes and regulations, and constructed in compliance with all plans and specifications. Defendant also was required to give an express warrantee pursuant to Civil Code Section 900.

88. Defendants knew or had reason to know that Plaintiffs would rely upon the skill and judgment of Defendants in the performance of the work.

89. Defendants impliedly warranted that the Services would be performed in a good and workmanlike manner.

90. Defendants breached said implied warranty, inasmuch as their work was defective, and was not performed in a good and workmanlike manner or in compliance with all codes, regulations, plans and specifications.

91. As a direct and legal result of Defendant's breach of implied warranty, Plaintiffs have, and will incur, damages as described above.

WHEREFORE, Plaintiffs pray for judgment as hereafter set forth.

## NINTH CAUSE OF ACTION

–25–

PLAINTIFF JEFF GREEN AND PAMELA MILLS GREEN'S FIRST AMENDED COMPLAINT FOR DAMAGES

**(BREACH OF EXPRESS WARRANTY)**

92. Plaintiffs incorporates herein by reference Paragraphs 1 through 91, above, as if set forth fully herein.

93. At all times herein mentioned, Defendants above-named were and are obligated to Plaintiffs under an express warranty pursuant to the parties' contract that all of the work relating to the Property would be performed in a good and workmanlike manner, that it would be free from defects, consistent with applicable codes and regulations, and constructed in compliance with all plans and specifications.

94. Defendants knew or had reason to know that Plaintiffs would rely upon the skill and judgment of Defendants in the performance of the work.

95. Defendants warranted that the Services would be performed in a good and workmanlike manner and that he would use his best efforts.

96. Defendants breached said express warranty, inasmuch as his work was defective, he did not use his best efforts, and the work was not performed in a good and workmanlike manner or in compliance with all codes, regulations, plans and specifications.

97. As a direct and legal result of Defendants' breach of the express warranty, Plaintiffs have, and will incur, damages as described above.

WHEREFORE, Plaintiffs prays for judgment as hereafter set forth.

–26–

PLAINTIFF JEFF GREEN AND PAMELA MILLS-GREEN'S FIRST AMENDED COMPLAINT FOR DAMAGES

## TENTH CAUSE OF ACTION
## (UNJUST ENRICHMENT-ASSUMPSIT)

98.　Plaintiffs adopt and restate paragraphs 1 through 97, as though fully set forth herein.

99.　Defendants became indebted to Plaintiffs in an amount according to proof for money that Defendants received (at least in the amount of $200,000, which belonged to Plaintiffs and for the other gains that the Defendants made at the Plaintiffs' expense (and to the Plaintiffs' detriment).

100.　Defendants have been unjustly enriched as a result of his conduct described herein.

WHEREFORE, Plaintiffs prays for the relief hereinafter set forth.

## ELEVENTH CAUSE OF ACTION
## (CONVERSION OF PROPERTY)

101.　Plaintiffs adopt and restate paragraphs 1 through 100, as though fully set forth herein.

102.　Plaintiffs are informed and believe that between Sept 2009 and the present date, the amount of funds that Defendants fraudulently took from the Plaintiffs was $200,000 plus the additional interest and penalties that the Plaintiffs were required to pay as a result of having paid the funds from a line of credit on his home.

103.　As a proximate result of Defendants' act of fraud and theft, Plaintiffs has have lost money in the amount of at least $200,000 plus the amount of high interest and interest payments that Plaintiffs have been paying as a result of the horrible conduct.

104.　Between the time of Defendants' conversion of the money taken for his own use and the filing of this action, Plaintiffs have had to procure the services of an attorney and other professionals, all to Plaintiffs' further damage. Also, as a proximate result of the fraudulent conduct of Defendants as herein alleged, Plaintiffs has been further damaged according to proof.

-27-

WHEREFORE, Plaintiffs prays for the relief hereinafter set forth.

## TWELFTH CAUSE OF ACTION

### (NEGLIGENT MISREPRESENTATION)

105.    Plaintiffs adopt and restate paragraphs 1 through 104, as though fully set forth herein.

106.    When Defendants made the representations indicated above, Defendants had no reasonable grounds for believing them to be true.

107.    As a proximate result of Defendants' conduct as alleged in this complaint, Plaintiffs has have suffered mental anguish and emotional and physical distress, as well as all the other harm alleged in the paragraphs above. Plaintiffs are informed and believe and on that basis allege that the exact amount of said damage inflicted is not fully known to Plaintiffs (but at least the amount of $200,000). Plaintiffs' requests leave to amend when said amount is ascertained.

WHEREFORE, Plaintiffs prays for the relief hereinafter set forth.

## THIRTEENTH CAUSE OF ACTION

### (MONEY HAD AND RECEIVED)

108.    Plaintiffs adopt and restate paragraphs 1 through 107, as though fully set forth herein.

109.    Defendants became indebted to Plaintiffs within the last year for money had and received by Defendants for the use and benefit of Plaintiffs. Plaintiffs are informed and believe that the Defendants have received at least $200,000.

110.    Plaintiffs are unaware of the full extent of the amount of money that Defendants received for the benefit of Plaintiffs. Plaintiffs ask leave to amend when said amount is ascertained.

WHEREFORE, Plaintiffs prays for the relief hereinafter set forth.

-28-

PLAINTIFFS JEFF GREEN AND PAMELA MILLS GREEN'S FIRST AMENDED COMPLAINT FOR DAMAGES