Robert E. Rosenthal, Esq. (Bar# 67343)
Andrew B. Kreeft, Esq. (Bar# 126673)
Sergio H. Parra, Esq. (Bar# 247682)
BOHNEN, ROSENTHAL & KREEFT
787 Munras Avenue, Suite 200
P.O. Box 1111
Monterey, CA 93942-1111
Telephone:  (831) 649-5551
Facsimile:   (831) 649-0272

Attorneys for Movants
Noel and Andrea Carr

IN THE UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: THE CENTERLINE GROUP, INC.<br><br>Debtor, | Case No: 11-54779 ASW<br><br>**Chapter 7**<br><br>**MOTION FOR RELIEF AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RELIEF FROM BANKRUPTCY STAY AS TO INSURANCE PROCEEDS**<br><br>Date: January 4, 2012<br>Time: 2:15 p.m.<br>Judge: Hon. Arthur S. Weissbrodt<br>Dept.: Court Room 3020 |

The moving parties, Noel and Andrea Carr, hereby moves as follows:

**I.**

**INTRODUCTION**

More than one year after moving parties had filed a construction defect lawsuit in Monterey County Superior Court against various defendants for work completed on their residence in Monterey, The Centerline Group Inc. sought bankruptcy protection. In the

1
MOTION FOR RELIEF AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR RELIEF FROM BANKRUPTCY STAY AS TO INSURANCE PROCEEDS
Case No: 11-54779 ASW

Case: 11-54779    Doc# 13    Filed: 12/01/11    Entered: 12/01/11 17:00:20    Page 1 of 5

course of discovery, it was confirmed that The Centerline Group Inc. had insurance coverage for the claims asserted. As such, moving parties, Noel and Andrea Carr, respectfully request that Court grant its motion for relief from Bankruptcy stay as it pertains to its construction defect claims that are currently covered by the debtor's insurance policies with any such recovery limited to any available insurance proceeds.

## II.

## FACTS

Movants Noel and Andrea Carr retained several entities, including The Centerline Group Inc. and others to act as a general contractor in a residential home project in Monterey, California. After the work was performed, several construction defects to their home were discovered including defective window and door installation, concrete slab cracking, water intrusion, electrical defects, structural inadequacies and other major defects.

The Moving Parties filed a civil complaint in the Superior Court of Monterey County on October 23, 2009, entitled Carr v. Steve Mason et al, Superior Court Case No. M102022. The Complaint alleges claims of negligence, negligence per se, breach of warranty, breach of written contract, and negligent misrepresentation against Debtor The Centerline Group Inc. among other defendants. Please see Exhibit A attached to the Declaration of Sergio H. Parra.

Extensive discovery was completed in this suit. During discovery, it was confirmed that Debtor-Defendant has an insurance carrier that may be responsible for any liability found on the Debtor's part to the movants, Noel and Andrea Carr. Please see Exhibit B attached to the Declaration of Sergio H. Parra.

2

**MOTION FOR RELIEF AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RELIEF FROM BANKRUPTCY STAY AS TO INSURANCE PROCEEDS**
Case No: 11-54779 ASW

Case: 11-54779    Doc# 13    Filed: 12/01/11    Entered: 12/01/11 17:00:20    Page 2 of 5

Trial was originally set for June 20, 2011. However, after more than one year and a half of litigation, Debtor-Defendant The Centerline Group Inc. filed bankruptcy on May 19, 2011 and filed a Notice of Stay in the Superior Court of Monterey County on May 25, 2011. The June 20, 2011 trial date was taken off calendar due to the automatic stay.

Now the Superior Court of Monterey has ordered that moving parties show cause as to why The Centerline Group Inc. should be not be dismissed due to the bankruptcy stay. Pending this hearing currently set for December 2, 2011 in Superior Court of Monterey, moving parties have filed this instant Motion seeking for relief from the stay as to the insurance policies of debtor.

Under these circumstances, it would be unjust to prevent the moving parties from continuing their lawsuit against the Defendant's policies. The moving parties should be permitted to continue their lawsuit against the Debtor-Defendant on only those claims exclusively covered by the insurance policies with any such recovery limited to any available insurance proceeds.

### III.

### LEGAL ARGUMENT

Movants Noel and Andrea Carr now seeks relief from the automatic stay provisions of 11 U.S.C. § 362 so that it may pursue its Complaint against The Centerline Group Inc. in state court.

Section 362(d) of the United States Bankruptcy Code allows a creditor to seek relief from the automatic stay imposed by section 362(a) for "cause."

Cause is determined on a case-by-case basis, with the bankruptcy court having wide latitude in crafting relief from the automatic stay. In re Kissinger (9th Cir. 1995), 72

3

**MOTION FOR RELIEF AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RELIEF FROM BANKRUPTCY STAY AS TO INSURANCE PROCEEDS**
**Case No: 11-54779 ASW**

Case: 11-54779    Doc# 13    Filed: 12/01/11    Entered: 12/01/11 17:00:20    Page 3 of 5

F. 3d 107, 108-109; In re Tucson Estates, Inc. (9th Cir. 1990), 912 F. 2d 1162, 1166.

Once cause is shown for the relief from the stay, the burden shifts to the debtor to demonstrate that it is entitled to the stay. 8 U.S.C. § 362(g); In re Marine Power & Equipment Company, Inc. (W.D. Wash. 1987), 71 B.R. 925, 928

The courts have held that the automatic stay either does not apply or should be lifted when the claim is made only against insurance proceeds. In Matter of Fernstrom Storage and Van Company (7th Cir.1991), 938 F.2d 731, 735, the court rejected the debtor's argument that the insurance proceeds were property of the estate.

> So it is, at least nominally. But cases like In reTurner, discussed above, suggest that suspending the stay is appropriate where all the plaintiff seeks is a declaration of liability with no monetary consequences for the debtor, as opposed to its insurer. We reached a similar conclusion In matter of Holtkamp, 669 F.2d 505, 508-09 (7th Cir. 1982) reasoning there that allowing a personal injury action against the debtor to proceed did not harm the debtor where the debtor's insurance company had "assumed the full financial responsibility for defending that litigation."

In the case of In Re Turner (Btcy. N.D. Ohio 1985), 55 B.R. 498, the court lifted the stay on a liability action against the debtor because any prejudice to the debtor was " obviated by this court's order limited relief from stay for the sole purpose of obtaining a finding of liability, and prohibiting any act of the banks to collect, recover, or offset any such debt as a personal liability of the debtor, or from property of the debtor." The court reasoned that since the estate was not exposed to the claim, the stay was no longer applicable.

The Centerline Group Inc. has an insurance carrier that would be responsible for any liability found on the Debtor's part to the plaintiffs Noel and Andrea Carr in the underlying lawsuit. Under these circumstances, it would be unjust to prevent the moving

4

**MOTION FOR RELIEF AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RELIEF FROM BANKRUPTCY STAY AS TO INSURANCE PROCEEDS**
Case No: 11-54779 ASW

Case: 11-54779    Doc# 13    Filed: 12/01/11    Entered: 12/01/11 17:00:20    Page 4 of 5

parties from continuing their lawsuit against the Debtor's policies. The moving parties should be permitted to continue their lawsuit against the Debtor on only those claims exclusively covered by the insurance policies with any such recovery limited to any available insurance proceeds.

## IV.

## CONCLUSION

For these reasons, the moving parties, Noel and Andrea Carr, hereby pray for an order providing for the following:

1. Termination of the stay under Section 362( a) of Title 11 of the United States Code with regard to moving parties Noel and Andrea Carr, so that moving parties may continue their lawsuit against the Defendant's insurance policies with any recovery limited to any proceeds provided under any such insurance proceeds.

2. That the order be binding on all parties and their heirs, successors, assigns, including the trustee in the above-entitled case and any subsequent assignee or transferee of the Debtor.

3. That the order be effective with regard to any subsequent filings on the part of the Debtor under the Bankruptcy Code.

Dated: December 1, 2011

BOHNEN, ROSENTHAL & KREEFT

By: ___/s/_____
Andrew B. Kreeft, Esq.
Sergio H. Parra, Esq.
Attorneys for Movants
Noel and Andrea Carr

5

**MOTION FOR RELIEF AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RELIEF FROM BANKRUPTCY STAY AS TO INSURANCE PROCEEDS**
Case No: 11-54779 ASW

Case: 11-54779    Doc# 13    Filed: 12/01/11    Entered: 12/01/11 17:00:20    Page 5 of 5