# EXHIBIT A

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:** Steve Mason, Steve
*(AVISO AL DEMANDADO):* Mason Concrete Construction, Inc., Chris Adamski, Centerline Group, Inc., and Does I-XX

**YOU ARE BEING SUED BY PLAINTIFF:** Noel and Andrea Carr
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

**SUM-100**

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**FILED**

OCT 23 2009

CONNIE MAZZEI
CLERK OF THE SUPERIOR COURT
M. PUSLEY — DEPUTY

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

---

The name and address of the court is: Superior Court of California, County of Monterey
*(El nombre y dirección de la corte es):* 1200 Aguajito Rd, Monterey, CA 93940

**CASE NUMBER:** M102022

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Robert W. Shapiro, Shapiro Law Advisors, 958 Embury Street, Pacific Palisades, CA 90272

**DATE:** OCT 23 2009   CONNIE MAZZEI   Clerk, by M. PUSLEY, Deputy
*(Fecha)* *(Secretario)* *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

| | | CM-010 |
|---|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, Bar number, and address):<br>Robert W. Shapiro<br>Shapiro Law Advisors<br>958 Embury Street<br>Pacific Palisades, CA 90272<br>TELEPHONE NO.: 310 454-3423    FAX NO.: 310 454-3423<br>ATTORNEY FOR (Name): Plaintiffs Noel and Andrea Carr | | FOR COURT USE ONLY<br><br>**FILED**<br>OCT 2 3 2009<br>CONNIE MAZZEI<br>CLERK OF THE SUPERIOR COURT<br>M. PUSLEY — DEPUTY |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Monterey<br>STREET ADDRESS: 1200 Aguajito Road<br>MAILING ADDRESS: 1200 Aguajito Road<br>CITY AND ZIP CODE: Monterey, CA 93940<br>BRANCH NAME: Monterey Branch | | |
| CASE NAME:<br>Carr vs. Steve Mason, et al | | |
| **CIVIL CASE COVER SHEET**<br>[✓] Unlimited  [ ] Limited<br>(Amount demanded exceeds $25,000)  (Amount demanded is $25,000 or less) | **Complex Case Designation**<br>[ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>M102022<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [✓] Construction defect (10) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint (not specified above) (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition (not specified above) (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is  [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties  d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve  e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence  f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a.[✓] monetary  b.[ ] nonmonetary; declaratory or injunctive relief  c.[ ] punitive
4. Number of causes of action (specify): 6 Negligence, Negligenceperse, BreachofWarranty, BreachofContract, Misrepresentation
5. This case [ ] is  [✓] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: October 20 2009
Robert W. Shapiro
(TYPE OR PRINT NAME)    ▶ /s/ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2
Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]
CIVIL CASE COVER SHEET
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

Case: 11-54779   Doc# 13-3   Filed: 12/01/11   Entered: 12/01/11 17:00:20   Page 3 of 8

Robert W. Shapiro

California State Bar #80654

Shapiro Law Advisors

958 Embury Street

Pacific Palisades, CA 90272

(310)454-3423 phone and fax

robert@shapirolawadvisors.com

Attorneys for Plaintiffs

FILED
OCT 23 2009
CONNIE MAZZEI
CLERK OF THE SUPERIOR COURT
M. PUSLEY DEPUTY

The Superior Court of California

County of Monterey

Noel and Andrea Carr

Plaintiffs

vs.

Steve Mason, Steve Mason Concrete Construction, Inc.,

Chris Adamski, Centerline Group, Inc., and Does 1-XX, inclusive

Defendants

Civil Action No. M102022

Complaint for Negligence, Negligence Per se, Breach of Warranty, Breach of Written Contract and Negligent Misrepresentation

Demand for Jury Trial

Plaintiffs allege as follows:

1

Case: 11-54779   Doc# 13-3   Filed: 12/01/11   Entered: 12/01/11 17:00:20   Page 4 of 8

1. Plaintiff's own as tenants in common and reside at 8150 Majares, Monterey, California 93940 ("residence"). This Complaint involves construction defects at this residence.
2. Defendants Steve Mason and Steve Mason Concrete Construction, Inc., ("Mason")represented themselves as licensed general contractors in the State of California and experienced in building custom quality single family residences in the Monterey County area. Plaintiffs are informed and believe and thereon allege that Steve Mason Concrete Construction, Inc. is a California Corporation doing business in Monterey County, Ca.
3. Defendants Chris Adamski and Centerline Group, Inc., ("Centerline") represented themselves as licensed general contractors in the State of California and experienced in building custom quality single family residences in Monterey County, California. Plaintiffs are informed and believe and thereon allege that Centerline Group, Inc. is a California Corporation doing business in Monterey County, Ca.
4. Defendant Mason is a signatory to the Owner Contractor Agreement ("Agreement") dated on or about 8/31/07. Defendant Adamski purportedly signed the contract as agent for Mason.
5. Each of the named defendants and Does I-XX is an agent and/or employee of the other defendant and responsible for each other's actions.
6. The Agreement on page 6, paragraph 20, calls for binding Arbitration of this dispute but the American Arbitration Association rejected the Arbitration filing by Plaintiffs for lack of response and cooperation by Defendants Mason and Centerline on or about 9/29/09. Therefore, this provision has been expressly or impliedly waived by Defendants, and each of them.
7. All defendants worked on the residence and the residence was "completed" by defendants Mason and Centerline on or about July, 2008.
8. Within one year of completion, plaintiffs informed defendants, and each of them, of numerous defects in the construction of the house. Defendants have failed and refused to repair any of them.
9. The construction defects include, but are not limited to: defective and cracking interior and exterior flooring; defective and cracking concrete slabs; defective, warping and leaking exterior doors; defective and cracking ceiling beams; and water leaks throughout the residence. Plaintiffs will amend this Complaint when and if more construction defects become known.
10. Plaintiffs relied on the skills and representations of Defendants and Does I- XX.

First Cause of Action

(Negligence against all Defendants)

11. Plaintiffs reallege and incorporate by reference every allegation contained in all previous paragraphs as though fully set forth herein.
12. Defendants, and each of them, were under a duty to exercise ordinary care as contractors to avoid foreseeable injury to users and purchasers of their homes. Defendants, and each of them, knew or should have known or foreseen with reasonable certainty that said users or purchasers would suffer monetary and non monetary damages, as set forth herein, if said Defendants

2

failed to perform their duties to cause the residence to be constructed in a proper and workmanlike manner.

13. Plaintiffs are informed and believe and thereon allege that defendants, and each of them, negligently built the residence as more fully set forth hereinabove.
14. As a proximate result of the negligent performance, Defendants, and each of them, as alleged hereinabove, the residence has failed, is defective and damaged.
15. As a result of the negligence of Defendants, and each of them, Plaintiffs have sustained damages and will sustain damages as alleged in the prayer.

Second Cause of Action

(Negligence per se Against All Defendants)

16. Plaintiffs reallege and incorporate by reference each and every allegation contained in the prior paragraphs as though fully set forth herein.
17. Plaintiffs are informed and believe, and based thereon allege that Defendants, and each of them, violated one or more building code regulations or ordinances in the construction of the residence including California Health and Safety Code Section 17290.3.
18. In particular, Defendants, and each of them, have violated the California Health and Safety Code in the following particulars: dampness of habitable rooms; deteriorated or inadequate foundation; defective or deteriorated flooring or floor supports, members of ceilings, roofs, ceilings and roof supports, or other horizontal members which split, or buckle; deteriorated, crumbling or loose plaster; deteriorated or ineffective waterproofing of exterior walls, roof, foundations, or floors.
19. Plaintiffs are further informed and believe, and thereon allege, that said building code regulations and ordinances, including but not limited to the Uniform Building Code, are mandated by various governmental and quasi-governmental entities having jurisdiction over the construction of residential housing in the City and County of Monterey, State of California, for the purpose of ensuring that residential housing, including this residence, is constructed in a watertight, stable, secure, sanitary, useful and otherwise habitable manner.
20. As a proximate result of the violation of one or more building code regulations or ordinances by Defendants, and each of them, as alleged herein above, Plaintiffs have sustained and will sustain damages as alleged in the prayer.

Third Cause of Action

(Breach of Express Warranty against all Defendants)

21. Plaintiffs reallege and incorporate by reference each and every allegation contained in all previous paragraphs as though fully set forth herein.

3

22. The aforementioned Agreement on page 2, paragraph 7 provides an express written warranty warranting the workmanship and materials for a period of 12 months from the date of completion of the entire project.
23. Plaintiffs notified Defendants of the defects to the home within the 12 month period set forth in the warranty.
24. Defendants failed and refused to repair and replace the defective conditions at their own cost and expense as provided in the Warranty.
25. As a proximate result of these breaches of Warranty, Plaintiffs have been damaged as alleged in the prayer.

### Fourth Cause of Action

(Breach of Contract against all Defendants)

26. Plaintiffs reallege and incorporate by reference each and every allegation contained in all previous paragraphs as though fully set forth herein.
27. Defendants, and each of them, pursuant to the Agreement, agreed to properly construct the residence according to the agreed upon plans and specifications.
28. Plaintiffs performed all their obligations pursuant to the Agreement.
29. Defendants, and each of them, failed to properly construct the residence as aforementioned and breached this Agreement.
30. Paragraph 23 of the Agreement calls for Attorneys fees to the prevailing party in any legal proceeding arising out of or relating to this Agreement.
31. As a direct and proximate result of these Breaches of Contract, Plaintiffs have been damaged as alleged in the Prayer, and are entitled to their costs and their reasonable attorney's fees.

### Fifth Cause of Action

( Negligent misrepresentation against Defendants Steve Mason and Chris Adamski)

32. Plaintiffs reallege and incorporate by reference every allegation contained in the previous paragraphs as though fully set forth herein.
33. Defendants Steve Mason and Chris Adamski had a duty of care and honesty to Plaintiffs and represented that : 1) they were properly licensed and bondable general contractors; 2) that they were experienced and capable of properly building a quality custom single family residence; and 3) that each of them had specific roles in the construction of the residence and would be responsible to Plaintiffs for the construction of the residence.
34. The true facts are that : 1) they were not properly licensed general contractors; 2) they were not capable of properly building a quality custom single family residence; and 3) they each denied management responsibility for the construction and then denied responsibility for the defective finished product and each blamed the other for the defects.

4

35. If Plaintiffs had known the true facts, they never would have hired the named Defendants and would not have had the defects and damages resulting from these Defendants actions.
36. As a proximate result of the misrepresentations of Defendants Mason and Adamski, and each of them, Plaintiffs have sustained damages and will sustain damages as alleged in the prayer.

Prayer

WHEREFORE, Plaintiffs pray for Judgment against all Defendants, and each of them, jointly and severally, as follows:

A. For compensatory damages for cost of repairs and resulting damages in excess of $400,000;
B. For investigative expenses including, but not limited to architectural, engineering, and contractor investigations, in excess of $50,000;
C. For compensation for damages to personal property, according to proof at time of Trial;
D. For interest thereon at the legal rate.
E. For costs of suit, expenses, and reasonable Attorneys fees pursuant to Contract.

Dated: October 20, 2009

Shapiro Law Advisors

By: _____

Robert W. Shapiro, Attorney for Plaintiffs